**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SHAWN ARCHIE,

       Plaintiff,

    v.

CHARLES WARREN, et al.,

       Defendants.

No. 20-cv-7649 (NLH) (AMD)

OPINION

APPEARANCE:

Shawn Archie
000974313G
Southern State Correctional Facility
4295 Route 47
Delmont, NJ 08314

    Plaintiff Pro se

HILLMAN, District Judge

    On November 25, 2020, this Court dismissed without prejudice Plaintiff Shawn Archie's 42 U.S.C. § 1983 complaint against Cumberland County Jail ("CCJ") officials.  ECF No. 14. Plaintiff was granted leave to amend, id., and has now filed an amended complaint alleging denial of medical care and due process violations related to the novel coronavirus COVID-19 pandemic.  ECF No. 27.

    The Court has reviewed the amended complaint under 28 U.S.C. § 1915 and will permit it to proceed in part.

1

I.   <u>BACKGROUND</u>

In late 2019 to late 2020, Plaintiff was a pretrial detainee at the CCJ.  During that time, Dr. Alan Dias refused to provide Plaintiff with medical treatment for an injured shoulder and a sinus infection that deteriorated into a staph infection.  ECF No. 27 at 1-2.  On March 17, 2020, Plaintiff was finally sent to get an MRI of his October 9, 2019 shoulder injury.  <u>Id.</u> at 2.  Later that week, the officer who transported Plaintiff to and from the MRI appointment tested positive for COVID-19.  <u>Id.</u> Plaintiff states he was ill from March 17, 2020 to March 21, 2020 but was not tested for COVID-19.  <u>Id.</u>  He was quarantined on or about March 26, 2020, but Dr. Dias refused Plaintiff's requests for COVID-19 tests.  <u>Id.</u>

Plaintiff further alleges CCJ Director of Medicine Kristina Smith "violated my privacy concerning my health condition when she deliberately lied to defendant Victor Bermudez concerning me being positive for the Corona virus [sic]."  <u>Id.</u> at 3. "Defendant being in charge of my medical records, knowing that I had not been tested for the COVID-19 virus (as evidenced in the medical records), knew this information before making up such a deliberate and reckless disregard for my well-being with the lie."  <u>Id.</u>  He also claims Officer Bermudez violated his medical privacy by telling other inmates that Plaintiff had tested positive for COVID-19.  <u>Id.</u> at 3-4.

II.  <u>STANDARD OF REVIEW</u>

Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities.  <u>Dole v. Arco Chemical Co.</u>, 921 F.2d 484, 487 (3d Cir. 1990); <u>Bechtel v. Robinson</u>, 886 F.2d 644, 652 (3d Cir. 1989).  An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).  Assessing a proposed amended complaint for futility is the same as applying the Rule 12(b)(6) standard.  <u>Brookman v. Township of Hillside</u>, 2018 WL 4350278, at *2 (D.N.J. 2018) (citing <u>In re NAHC, Inc. Sec. Litig.</u>, 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'")).

III. <u>DISCUSSION</u>

The Court has reviewed the proposed amended complaint and concludes that it would not be futile to permit amendment.  Fed. R. Civ. P. 15(a).  The Clerk shall be instructed to file the amended complaint.  The Court must also review the amended

3

complaint pursuant to 28 U.S.C. § 1915(e)(2), which requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A.   Violation of Medical Privacy

Plaintiff argues Kristina Smith and Victor Bermudez violated his medical privacy by spreading false news that he tested positive for COVID-19. The Court dismissed this claim from Plaintiff's original complaint for failure to state a claim, ECF No. 14, and nothing in the amended complaint changes that outcome. "An individual has a constitutional right to privacy which protects 'the individual interest in avoiding

4

disclosure of personal matters.'  We have long recognized the right to privacy in one's medical information . . . ." Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001) (quoting Whalen v. Roe, 429 U.S. 589, 599 (1977)).  That being said, "a prisoner does not enjoy a right of privacy in his medical information to the same extent as a free citizen. . . .  [Plaintiff's] constitutional right is subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security."  Id.

The Third Circuit has yet to define the parameters of a prisoner's right to privacy in his medical information, but courts construing prisoner's medical privacy claims have framed the right narrowly and have applied it to situations involving "an unusual medical condition which, if disclosed unnecessarily, would likely expose the inmate to ridicule, discrimination, or even potential violence and harm, particularly when word of the condition is likely to spread through 'humor or gossip[.]'" Smith v. Hayman, No. 09-2602, 2012 WL 1079634, at *18 (D.N.J. Mar. 30, 2012) (quoting Powell v. Shriver, 175 F.3d 107, 112–13 (2d Cir. 1999)), aff'd, Smith, 489 F. App'x 544 (alteration in original).  Cf. Vines v. Columbus House et al., No. 13-3923, 2017 WL 2539409, at *14 (D.N.J. June 12, 2017) (holding plaintiff did not state claim for disclosure of asthma, back

problems, high blood pressure, and allergies to mold, dust, spray chemicals, and smoke).  As the Court noted in its prior opinion, COVID-19 is not "an unusual medical condition" in this day and age, and disclosure of potential COVID-19 exposure serves a legitimate penological interest in protecting the health and safety of prison staff and inmates alike.  ECF No. 13 at 5-6.  The Court will dismiss the claims against Kristina Smith and Victor Bermudez.

B.   Denial of Medical Care

Petitioner also alleges Defendant Dias denied him medical care on several occasions.  Plaintiff's claims technically fall under the Fourteenth Amendment's due process clause as he was a pretrial detainee at the time of the alleged violations, but "the Supreme Court has concluded that the Fourteenth Amendment affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner,' without deciding whether the Fourteenth Amendment provides greater protections."  Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983)).  The Court will therefore review Plaintiff's claims under the same standard used to evaluate similar claims brought under the Eighth

Amendment.  Moore v. Luffey, 767 F. App'x 335, 340 (3d Cir. 2019).[1]

To state an Eighth Amendment Claim, a plaintiff must allege facts indicating that defendants were deliberately indifferent to his or her serious medical need.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To accomplish this, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'"  Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (second alteration in original)).  The Third Circuit has found deliberate indifference "'where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'"  Parkell v. Danberg, 833 F.3d 313, 337 (3d Cir. 2016) (quoting Rouse, 182 F.3d at 197).

---

[1] The Supreme Court has applied an "objectively unreasonable" standard to analyze an excessive force claim under the Fourteenth Amendment.  Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015).  However, the Third Circuit has declined to address whether the "objectively unreasonable" standard applies to a deliberate indifference to medical need analysis.  Moore, 767 F. App'x at 340 n.2.

Accepting the facts alleged in the amended complaint as true and giving Plaintiff the benefit of all reasonable inferences, the Court concludes that Plaintiff has satisfactorily alleged Defendant Dias denied him adequate medical care.  The Court shall permit this claim to proceed.

C.   Conditions of Confinement

Finally, Plaintiff alleges former Warden Charles Warren and former Warden Richard Smith created unconstitutional conditions of confinement.  He alleges Defendant Warren failed to supervise CCJ staff "when it came to following proper procedures, as well as proper protocol dealing with the pandemic/COVID-19 epidemic. Defendant ignored all warnings in January by C.D.C, ACLU, and government officials as to the precautions that needed to be taken as well as the severity and eminent [sic] danger that this virus would bring."  ECF No. 27 at 1.

The Court will permit this claim to proceed against Defendant Warren.  As the amended complaint makes no factual allegations against former Warden Smith, he shall be dismissed without prejudice.

IV.   <u>CONCLUSION</u>

For the reasons stated above, the Court will grant the motion to amend and direct the Clerk to file the amended complaint.  ECF No. 27.  The claims against Kristina Smith, Victor Bermudez, and Richard Smith shall be dismissed without

prejudice.  28 U.S.C. § 1915(e)(2)(B)(ii).  The claims against

Defendants Warren and Dias may proceed.

        An appropriate order follows.


Dated: January 10, 2022                s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.