```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
_____
                            :
SHAWN ARCHIE, SR.,          :
                            :
         Plaintiff,         :   Civ. No. 20-7649 (NLH)(AMD)
                            :
    v.                      :   OPINION
                            :
                            :
                            :
DR. ALAN DIAS,              :
                            :
         Defendant.         :
_____:
```

APPEARANCES:

Shawn Archie, Sr.
974313G
Kintock Group Inc
45 Industrial Blvd
Building 2
Bridgeton, NJ 08302

   *Plaintiff pro se*

Jeffrey S. McClain, Esq.
Holtzman McClain & Londar, PC
524 Maple Avenue
Suite 200
Linwood, NJ 08221

   *Counsel for Defendant*

HILLMAN, District Judge

   The Court issued an Order to Show Cause on December 21, 2023 directing Plaintiff Shawn Archie, Sr., to state why the Amended Complaint should not be dismissed for failure to prosecute. ECF No. 51. The Order was returned to the Court as undeliverable. ECF No. 52. After considering the history of

the case, the Court will dismiss the Amended Complaint for lack of prosecution.

I. **BACKGROUND**

On November 25, 2020, this Court dismissed without prejudice Plaintiff's Complaint against Cumberland County Jail ("CCJ") officials. ECF No. 14. Plaintiff was granted leave to amend and filed an Amended Complaint alleging denial of medical care and due process violations related to the novel coronavirus COVID-19 pandemic. ECF No. 27. The Court reviewed the Amended Complaint and permitted it to proceed against Defendant Alan Dias. ECF No. 29. Defendant Dias filed an answer on October 18, 2022. ECF No. 42.

Magistrate Judge Donio issued a scheduling order on December 16, 2022. ECF No. 45. The copy of the scheduling order that was sent to Plaintiff at his address of record was returned as undeliverable on January 26, 2023. ECF No. 46. The return sticker stated "Return to Sender. Attempted – Not Known. Unable to Forward." Id. The Clerk's Office resent the mail to Plaintiff's address of record. Id. The second attempt was returned to the Court as undeliverable on February 8, 2023. ECF No. 47. The return sticker stated "Return to Sender. Attempted – Not Known. Unable to Forward." Id.

On February 10, 2023, The Court administratively terminated the Amended Complaint under Local Civil Rule 10.1 based on

2

Plaintiff's failure to update his address. ECF No. 47. The Court stated Plaintiff would be permitted to reopen the Amended Complaint by updating his address. Id. at 2.

Plaintiff submitted a notice of address change on March 6, 2023. ECF No. 50. The Clerk's Office restored the Amended Complaint to the active docket. Plaintiff has not submitted any communication to the Court since that time.

On December 21, 2023, the Court issued an Order to Show Cause based on Plaintiff's failure to contact the Court for more than 90 days. ECF No. 51 (citing L.Civ.R. 41.1(a)). The Order was returned to the Court as undeliverable on January 2, 2024. ECF No. 52. The return sticker stated "Return to Sender. Attempted – Not Known. Unable to Forward." Id.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal is appropriate "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court[.]" A district court should consider six factors when determining whether to dismiss a case under Rule 41(b). Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The relevant factors are:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith;

3

>  (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
>  (6) the meritoriousness of the claim or defense.

Id. (emphasis omitted). "None of the Poulis factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." Hildebrand v. Allegheny Cty., 923 F.3d 128, 132 (3d Cir. 2019).

**III. DISCUSSION**

A.   The Extent of the Party's Personal Responsibility

The Court concludes Plaintiff bears primary responsibility for failing to move this case forward. Plaintiff is proceeding pro se in this matter, and "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case . . . ." Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008). Plaintiff has also failed to keep the Court informed of his current address. Accordingly, the Court concludes this factor weighs strongly in favor of dismissal.

B.   The Prejudice to the Adversary

The second Poulis factor requires the Court to consider the prejudice to the adversary. This factor weighs against dismissal. "[P]rejudice is not limited to 'irremediable' or 'irreparable' harm. It also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and

4

complete trial strategy.'" Briscoe, 538 F.3d at 259 (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)).

Defendant Dias has not submitted any response to the Order to Show Cause arguing that he will be prejudiced if the matter is not dismissed. Therefore, The Court concludes Defendant's ability to prepare a defense will not be significantly impacted, at least at the current point in time.[1]

C. History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund, 29 F.3d 863, 875 (3d Cir. 1994). The Court finds this factor to weigh in favor of dismissal.

Plaintiff has not contacted the Court since March 2023. ECF No. 50. He has not kept the Court informed of his current address in violation of the Local Rules at least twice. L.Civ.R. 10.1(a). This 10-month period of silence supports dismissal.

---

[1] As the Court notes infra, this factor would change to favor dismissal if the Court administratively terminated the Amended Complaint until Plaintiff could be located.

5

D.   Willfulness or Bad Faith

"Willfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 875. Conduct that is "merely negligent or inadvertent" is not "contumacious," Briscoe v. Klaus, 538 F.3d 252, 262 (3d Cir. 2008), and the "absence of a good faith effort to prosecute . . . does not necessarily amount to willfulness or bad faith as [the Third Circuit] has defined it." Adams, 29 F.3d at 876. Here, the Court concludes that although Plaintiff's failure to communicate with the Court appears to be intentional, it is insufficient to meet the Poulis standard of willfulness. The Court weighs this factor in slightly Plaintiff's favor.

E.   Effectiveness of Other Sanctions

As dismissal with prejudice is an extreme sanction, the fifth Poulis factor requires the Court to consider the effectiveness of alternative sanctions. Plaintiff is proceeding pro se and in forma pauperis, ECF No. 8, therefore monetary sanctions would not be an effective alternative. See Briscoe, 538 F.3d at 262 (citing Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002)). Evidentiary sanctions are available if Plaintiff's delay can be shown to have actually impeded Defendant's ability to defend himself, but those sanctions are pointless if Plaintiff refuses to move this case forward.

6

One alternative would be to administratively terminate the case pending communication from Plaintiff. "Retention of jurisdiction through the administrative closing of a case is an established practice in district courts within our Circuit." Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (3d Cir. 2013). However, administrative termination would not be an effective use of this Court's limited resources. Rule 41.1 makes clear that the sanction for failure to prosecute is dismissal. Administratively terminating the case until Plaintiff contacts the Court would put Defendant Dias in limbo for an indefinite period of time. This would lead to prejudicial effects that are not currently present such as the fading of witnesses' memories. Moreover, there is no guarantee Plaintiff would ever seek to reopen the matter since he has not communicated with the Court in nearly a year.

The Court concludes administrative termination would not be effective or in the interests of justice, especially considering the Court has already administratively terminated the Amended Complaint under Rule 10.1 on one prior occasion. ECF No. 49. The Court has no confidence that Plaintiff will comply with future Court orders.

F.   Meritoriousness of the Claims

Finally, the Court considers the meritoriousness of the Plaintiff's claims. "Generally, in determining whether a

7

plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Briscoe, 538 F.3d at 263.

This Court screened the Amended Complaint under 28 U.S.C. § 1915 and permitted it to proceed. ECF No. 29. Plaintiff's claims that Defendant Dias refused to provide him with medical treatment for an injured shoulder and a sinus infection, which deteriorated into a staph infection, and refused to test Plaintiff for COVID-19 at the beginning of the pandemic are serious allegations that should be heard on the merits. This factor weighs against dismissal.

G.   Balancing

The Court considers three of the Poulis factors to weigh in favor of dismissal and three factors to weigh against dismissal. The number of factors is not dispositive of the outcome as "there is no 'magic formula' or 'mechanical calculation'" of the factors, Hildebrand, 923 F.3d at 137, but the Court concludes the factors in favor of dismissal ultimately outweigh the factors against dismissal.

The Court concludes the strong preference for claims to be decided on their merits is balanced out by Plaintiff's responsibility in failing to move this case forward. The minimal prejudice to Defendant Dias and the absence of a showing of bad faith support the Amended Complaint remaining active, but

8

the Court concludes Plaintiff's history of failing to communicate with the Court combined with the lack of available alternative sanctions outweigh those considerations.

**IV. CONCLUSION**

For the reasons set forth above, the Court will dismiss the Amended Complaint for lack of prosecution.

An appropriate Order follows.


Dated: January 26, 2024        s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.